UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 05-3137 |
| ) | |
| ALTAF A. BORICHA, ) | |
| ) | |
| Defendant. ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

The Court now considers Petitioner Altaf A. Boricha's Petition for Habeas Corpus.

## FACTS

In January 1993, Petitioner Boricha engaged in a conspiracy to distribute and distribution of methamphetamine. He was arrested and later pled guilty to those offenses. Following his plea, the United States Probation Office prepared a Presentence Investigation Report ("PSR") which applied the 1995 version of the United States Sentencing

1

Guidelines.  Boricha reviewed the PSR with his counsel prior to his December 1997 Sentencing Hearing.  At the Sentencing Hearing, the Court determined Boricha's offense level and criminal history before imposing a 120 month sentence.  Boricha did not appeal.

Boricha was serving his sentence in Adelanto, CA when, in April 2005, he filed a petition for habeas corpus pursuant to 28 U.S.C. § 2255.  The petition was filed in the United States District Court for the Central District of California, but has since been transferred here to the sentencing court.  Boricha's petition asserts that he should have been sentenced under the 1993 version of the Sentencing Guidelines rather than the 1995 version.  As such, Boricha claims that the Court violated his Fifth Amendment rights when it imposed sentence and that his lawyer was ineffective (a Sixth Amendment violation) for not insisting that the 1993 Sentencing Guidelines be applied.

## ANALYSIS

Boricha is seeking habeas corpus pursuant to 28 U.S.C. § 2255.  The revisions to § 2255 by the Antiterrorism and Effective Death Penalty

Act (AEDPA) provide that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

See id., ¶ 6.

Boricha's conviction became final in December 1997. He did not file his habeas petition until April 2005 and he has not alleged any impediment to his filing date or a newly recognized right made applicable to cases on collateral review. Thus, Boricha's petition is untimely unless saved by § 2255(4). However, Boricha fails to allege any newly discovered facts which might be relevant to his Fifth or Sixth Amendment claims. Even if Boricha was not aware at the time of

3

sentencing that he might fair better under the 1993 Guidelines than the 1995 Guidelines, the exercise of due diligence on Boricha's part would have revealed any possible benefit long before now.  Accordingly, Boricha cannot avail himself to § 2255(4).

<u>Ergo</u>, Petitioner's Petition for Habeas Corpus (d/e 1) is DENIED.  Any pending motions are DENIED AS MOOT.  This case is CLOSED.

ENTER: August 10, 2005

FOR THE COURT:                                       s/ Richard Mills
                                                     United States District Judge